IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHLEY ROBERTS,<br><br>Plaintiff,<br><br>-against-<br><br><br>IMAGE RECOVERY SERVICE, INC. and BRIDGECREST ACCEPTANCE CORPORATION,<br><br>Defendants. | Civil Case Number:<br><br><br>CIVIL ACTION<br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff Ashley Roberts (hereinafter, "Plaintiff"), an Illinois resident, brings this complaint by and through the undersigned attorneys, Marcus & Zelman, LLC against Defendant Image Recovery Service, Inc. and Bridgecrest Acceptance Corporation (hereinafter "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants repeatedly breached the peace while repossessing her vehicle, thereby violating Illinois law.  Plaintiff also brings a claim against Defendant Image Recovery Service for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, actual damages and punitive damages, as well as attorneys fees and costs.

**PARTIES**

5.  Plaintiff is a natural person and a resident of Shiloh, Illinois and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6.  Defendant Image Recovery Service, Inc. (hereinafter referred to as "Image Recovery"), is a repossession company, with its principal place of business in St. Louis, Missouri.

7.  Upon information and belief, Defendant Image Recovery is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8.  Indeed, Image Recovery's repossession services are the only services marketed on the Defendant's website, which states that "Image Recovery Service has been in business since August, 2000 as a full service repossession company that offers skip tracing, transporting, key cutting, and repossessions".[1]  No other services are mentioned on Image Recovery's website.

9.  Defendant Image Recovery is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. Defendant Bridgecrest Acceptance Corporation, (hereinafter referred to as "Bridgecrest"), is an auto lender with its principal place of business located in Tempe, Arizona

11. Bridgecrest is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

**ALLEGATIONS OF FACT**

12. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

13. The Plaintiff owns a 2018 Chevy Equinox ("the Plaintiff's Vehicle"), which was purchased

---

[1] *See, http://www.imagerecoverystl.com/,* last visited on April 16, 2024.

with an auto loan obtained from Defendant Bridgecrest.

14. The Plaintiff purchased and used this vehicle for her personal use and enjoyment.

15. After falling sick and being hospitalized, causing her to lose work, the Plaintiff unfortunately fell behind on her car payments.

16. The amounts owed by the Plaintiff on the Bridgecrest loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

17. At some point prior to December 5, 2023, Bridgecrest contracted with Image Recovery to repossess the Plaintiff's Vehicle.

18. At approximately 7:00 a.m. on December 5, 2023, a male agent – identified as an employee of Image Recovery – arrived at the Plaintiff's sister's home to repossess the Plaintiff's Vehicle.

19. The Plaintiff was sitting inside her vehicle at the time, and the engine was on and running at the time.

20. Upon information and belief, the Defendants' repossession agent was specifically aware that the Plaintiff was inside the vehicle at the time of the repossession, having first driven past the Plaintiff's vehicle.

21. The Defendants' repo agent then backed the tow truck up, slid the tire lifts arms under the rear tires of the Plaintiff's occupied vehicle, and lifted up the rear wheels of that vehicle off the ground, causing the Plaintiff to be tossed around the inside of her vehicle.

22. Defendants' actions were reckless and unlawful, as it is inherently dangerous to elevate an occupied vehicle off the ground or to tow an occupied vehicle, particularly when the occupant isn't prepared for such maneuvers.

23. The Defendants' repo agent then demanded that the Plaintiff get out of the vehicle so that

he could repossess the vehicle.

24. The Plaintiff refused to exit the vehicle and told the Defendants' repo agent to leave her car alone.

25. The Defendants' repo agent refused to leave the Plaintiff's vehicle and threatened to call the police.

26. When these threats did not work, the Defendants' repo agent went ahead and actually called the police, resulting in two police cars arriving at the scene.

27. Upon arriving at the scene, the uniformed and armed police officer demanded that the Plaintiff get out of her car.

28. The Plaintiff refused and advised the police officer that this was a civil matter and that he could not get involved.

29. The police officer nevertheless ignored the Plaintiff and continued insisting that the Plaintiff get out of her vehicle, while trying to pull open the Plaintiff's locked car door.

30. This armed police officer then told the Plaintiff that if she did not get out of the vehicle he would physically pull her out and then arrest her for breach of the peace.

31. Because of these threats of physical aggression and arrest by the police officers called by the Defendants' agent, the Plaintiff was forced out of her vehicle, which is what allowed the Defendants to complete the repossession and to tow away the Plaintiff's vehicle.

## <u>COUNT I</u>

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*
### (Against Image Recovery)

32. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

33. Plaintiff brings this Count against Defendant Image Recovery.

34. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

35. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

> (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest; or
>
> (C)    the property is exempt by law from such dispossession or disablement.

36. Illinois law only permits self help repossession of consumer motor vehicles where possession can be obtained without breach of the peace. *See,* 810 ILCS 5/9–609.

37. Defendants breached the peace in (1) attempting to repossess the Plaintiff's vehicle while the Plaintiff was inside of it, (2) recklessly lifting the vehicle while the Plaintiff was inside of it, (3) continuing to attempt to repossess the vehicle after being ordered to leave and stop the repossession, (4) continuing to attempt to repossess the vehicle while the Plaintiff was inside of it, (5) continuing to attempt to repossess the vehicle after the Plaintiff verbally and physically objected to the repossession and (6) by involving law enforcement to assist them in repossessing the Plaintiff's vehicle.

38. Because the repossession was only accomplished via a breach of the peace, the Defendants did not have the present right to possession of the Plaintiff's vehicle, and Plaintiff's vehicle was also clearly exempt from repossession or disablement.

39. As a result, the Defendants violated 15 USC § 1692f(6) when they attempted to repossess the Plaintiff's Vehicle and subsequently repossessed that vehicle.

40. By illegally repossessing the Plaintiff's Vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

41. Defendants' illegal activity also harmed the Plaintiff by depriving her of the use of her vehicle and of the right to pre-repossession judicial process and causing her to suffer anger, anxiety, emotional distress, fear for her own safety, frustration and embarrassment on each of these two occasions.

42. By reason thereof, Defendant Image Recovery is liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

### COUNT II

**UNLAWFUL REPOSSESSION**
**ILLINOIS UCC, 810 ILCS 5/9–609 *et seq.***
**(Against All Defendants)**

43. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

44. Illinois law only permits self-help repossession of consumer motor vehicles only where possession can be obtained without breach of the peace. *See,* 810 ILCS 5/9–609.

45. Defendants breached the peace in (1) attempting to repossess the Plaintiff's vehicle while the Plaintiff was inside of it, (2) recklessly lifting the vehicle while the Plaintiff was inside of it, (3) continuing to attempt to repossess the vehicle after being ordered to leave and stop the repossession, (4) continuing to attempt to repossess the vehicle while the Plaintiff was

inside of it, (5) continuing to attempt to repossess the vehicle after the Plaintiff verbally and physically objected to the repossession and (6) by involving law enforcement to assist them in repossessing the Plaintiff's vehicle.

46. A secured creditor's duty to repossess without breach of the peace is non delegable, and it is liable even if the peace is breached by an independent contractor. *See e.g., Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19 ("secured creditors, like [Defendant], have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral").

47. As such, Image Recovery' breach of the peace is imputed upon Bridgecrest.

48. By illegally repossessing the Plaintiff's Vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

49. Defendants' illegal activity also harmed the Plaintiff by depriving her of the use of her vehicle and of the right to pre-repossession judicial process and causing her to suffer anger, anxiety, emotional distress, fear for her own safety, frustration and embarrassment.

## COUNT III

### CONVERSION
### (Against All Defendants)

50. Plaintiff repeat, reiterate and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. On December 4, 2023, Plaintiff had actual and constructive possession of the Plaintiff's

Vehicle and the possessions contained therein.

52. On December 5, 2023, the Defendants took the Plaintiff's Vehicle and the possessions contained therein, and deprived the Plaintiff of the use of that vehicle and those possessions.

53. As set forth above, this was done illegally, in breach of the peace.

54. As a result, Defendants did not have lawful justification for taking the vehicle and the Plaintiff's possessions.

55. Defendants' conversion of Plaintiff's Vehicle and possessions harmed Plaintiff, by depriving her of the use of that vehicle and those possessions.

56. Defendants' illegal activity also harmed Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment and by depriving her of the right to pre-repossession judicial process.

57. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle and possessions, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    awarding Plaintiff her actual damages;

    (b)    awarding the Plaintiff statutory damages;

    (c)    awarding the Plaintiff punitive damages;

(d)    awarding the Plaintiff the attorneys' fees and expenses incurred in

bringing this action;

(c)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff such other and further relief as this Court

may deem  just and proper.

Dated: April 16, 2024

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*